UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 15-11069 |
| LOUIS KIRKLAND, JR. | SECTION "B" |
| DEBTOR | CHAPTER 7 |

*******************************************************************

| | |
|---|---|
| KIMBERLY JOHNSON EVANS<br>    PLAINTIFF | |
| VERSUS | ADV.P.NO. 15-1055 |
| LOUIS KIRKLAND, JR.<br>    DEFENDANT | |

## **MEMORANDUM OPINION**

This matter came before the court on April 18, 2016 for trial on the complaint of Kimberly Johnson Evans ("Evans") seeking to declare non-dischargeable under 11 U.S.C. §§ 523(a)(2), (a)(5), and (a)(15) certain debts owed to her by the debtor, Louis Kirkland, Jr. ("Kirkland"). The court finds that the debts are non-dischargeable, and judgment will be entered for Evans in a separate order.

**I.**  **Background Facts**

Kirkland and Evans were married in 1984, and after separating in May 2005, they divorced in 2006.[1] The two debts at issue are related to the divorce. On July 11, 2006 a consent judgment was entered by the 24th Judicial District Court for Jefferson Parish in the

---

[1] Judgment of 24th JDC, State of Louisiana dated June 6, 2006. Trial Exhibit 8.6

State of Louisiana.[2]  The last paragraph of the consent judgment stated:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, LOUIS KIRKLAND, JR., shall pay the defendant, KIMBERLY JOHNSON KIRKLAND, final spousal support in the amount of SIX HUNDRED TWENTY FIVE AND NO/100 DOLLARS ($625.00) per month.  Said support is to continue to be paid even if the defendant remarries.[3]

Also in connection with the divorce, the parties executed several documents relating to the one time family home, which was located at 693 Newport Circle, Gretna, Louisiana: Kirkland executed a promissory note,[4] a mortgage,[5] and an act of donation on December 7, 2006.  Evans executed the act of donation on November 22, 2006.[6]

## II. Legal Analysis

### A. The consent judgment

Evans contends that the first debt, the consent judgment of $625 per month, is non-dischargeable under either § 523(a)(2)(A), (a)(5) or (a)(15) of the Bankruptcy Code.  The consent judgment states that it is for spousal support.  In his post-trial brief, Kirkland states

---

[2] The divorce case was Louis Kirkland, Jr. v. Kimberly Johnson Kirkland, No. 629-590 in Division "B" of the 24th JDC.

[3] Trial Exhibit 4.

[4] Trial Exhibit 1.  The note has a typed or printed date of November___, 2006 but the word November is crossed out and "Dec. 7" is written in ink.  The note is paraphed Ne Varietur with an act of mortgage before Warren E. Mouledoux, Jr., Notary Public.

[5] Trial Exhibit 2.  The act of mortgage bears only "this___ day of November, 2006."  The Louisiana notary, Warren E. Mouledoux testified and clarified these discrepancies.

[6] Trial Exhibit 3.  The act of donation was executed before two different notaries - by Kimberly Johnson Kirkland before a Texas notary on November 22, 2006 and by Louis Kirkland, Jr. before Warren E. Mouledoux, Jr., a Louisiana notary, on 7 day Dec., 2006.

that he does not dispute that this debt is non-dischargeable under § 523(a)(5), but that he does not agree that it falls under the other subsections of § 523. The court agrees. The $625 per month payment is a domestic support obligation of the type covered by § 523(a)(5) and is non-dischargeable under that section of the Bankruptcy Code. The court need not deal with whether it is non-dischargeable under any other section of the Bankruptyc Code – obviously not § 523(a)(15) as that subsection only comes into play when the debt is "not of the kind described in paragraph (5)."

  B.  **The note, mortgage, and act of donation.**

The second debt concerns a note, mortgage, and act of donation. Evans executed the act of donation in Texas on November 22, 2006. The note, mortgage and act of donation were then all signed by Kirkland before Louisiana notary Warren Mouledoux, Jr. on the same date, December 7, 2006.[7] Mouledoux testified at the trial that he saw Kirkland sign all of the documents in his presence. Mouledoux also testified that he hand wrote the Dec. 7, 2006 date on the documents, crossing out the pre-printed November in both the act of donation and the note. The mortgage does not bear a number in the "___ day of November, 2006" printed in the document, but Mouledoux testified all three documents were signed in his office by Kirkland at the same time. Kirkland does not really deny his signature on any of the three documents, but did testify that he only remembered signing the act of donation and not the note or the mortgage. The court finds that Kirkland's signature and the testimony of Mouledoux are persuasive, and that

---

  [7] *See* Exhibits 3, 4 and 5.

Kirkland did sign all three documents on December 7, 2006.

### i.  Nondischargeability of the note

Evans argues that the note is non-dischargeable under §§ 523(a)(2)(A), (a)(5) and (a)(15) of the Bankruptcy Code. Section 523(a)(2)(A) exempts from discharge a debt:"for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--(A) false pretenses, a false representation, or actual fraud, ..."

Generally, debts falling within Section 523(a)(2)(A) are debts obtained by fraud "involving moral turpitude or intentional wrong, and any misrepresentations must be knowingly and fraudulently made." *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005), *citing*, *In re Martin*, 963 F.2d 809, 813 (5th Cir. 1992).[8]

In this case, no evidence was presented at trial to show that Kirkland, in agreeing to pay the $25,000 called for by the note, committed any fraud or made any false representations to Evans regarding past or current facts. A promise to pay in the future that is not later honored, standing alone, is not a sufficient basis for a judgment of non-dischargeability under § 523(a)(2)(A). The court finds that the requirements of § 523(a)(2)(A) were not satisfied in this case and dismisses the count under § 523(a)(2)(A).

Section 523(a)(5) provides that a debt "for a domestic support obligation" is nondischargeable. The term "domestic support obligation" has been defined by §

---

[8] The United States Supreme Court recently reversed the Fifth Circuit's position that a false representation was required in actual fraud cases under § 523(a)(2)(A). *See Husky International Electronics, Inc.,* 136 S.Ct. 1581, 194 L.Ed.2d 655 (2016), but neither the former Fifth Circuit position nor the *Husky* case has any real applicability here as there is no evidence that there was any false representations or actual fraud on the part of Kirkland.

101(14A) as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
>> (A) owed to or recoverable by –
>>> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>>> (ii) a governmental unit;
>>
>> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>>
>> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>>> (i) a separation agreement, divorce decree, or property settlement agreement;
>>> (ii) an order of a court of record; or
>>> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>>
>> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

Subsection (a)(15), which supplements or fills any gaps in the coverage of subsection (a)(5) provides that debts are nondischargeable if they are:

> to a spouse, former spouse, or child of the debtor and *not* of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.[9]

The court finds that in this case, the note is not a domestic support obligation under

---

[9] *Emphasis added.*

5

subsection (a)(5) because it is not "in the nature of alimony, maintenance, or support." The court finds that the note instead falls under § 523(a)(15) because it is a debt to a former spouse (Evans) incurred by Kirkland in the course of his divorce.

Evans' testimony was unequivocal that the note was a part of the divorce settlement, and although Kirkland wasn't completely forthcoming in his testimony, he didn't really contradict Evans. Kirkland testified that once it was established that the parties would be divorcing, they agreed that Evans would donate her portion of the marital home to Kirkland, and that when he sold it he would give her $25,000 of the proceeds.[10] The court found Evans to be a credible witness and finds that Kirkland's testimony does not contradict her basic story. The court holds that the note is a debt incurred in the course of the parties' divorce; thus, it is non-dischargeable under § 523(a)(15).

### ii. The correct amount of the note and the non-dischargeable debt.

A problem with the note is that is states it is for "the sum of $25,000.00 Twenty Thousand and no/100ths Dollars....(sic)" The mortgage accompanying the note has the sum $25,000, and Mouledoux testified at trial that $25,000 was the correct amount for the note, and that the spelled out sum "Twenty Thousand" was his error. The parties disagree in their post-trial briefs as to whether $25,000 or $20,000 should prevail. Kirkland argues that because of the language of La. Revised Statute 10:3-114, the spelled out sum of

---

[10] Kirkland also testified that Evans originally wanted $40,000 for her interest in the house but when he disagreed with that amount they agreed on $25,000.

twenty thousand rather than the number $25,000 is correct. Usually the court would follow the clear provisions of this Louisiana version of the Uniform Commercial Code, La. R.S. 10:3-114, which would mean that the written amount ("Twenty Thousand") would prevail over the numbers ($25,000). To do so in this case, however, would lead to a result contrary to the intentions of the parties. Both Evans and Kirkland in their testimony consistently referred to $25,000 as the amount in question. Kirkland testified that Evans first wanted $40,000 for her interest in the the house but that when he objected, she agreed to $25,000. Mouledoux, the Louisiana attorney/notary who handled the paperwork, testified that the words "Twenty Thousand" were an error on his part, and that everything else indicated that the amount of the note was to be $25,000. The full sum of $25,000 was the amount Kirkland acknowledged in the mortgage as the indebtedness owed to Kimberly Johnson Kirkland.

The only mention of $20,000 in Kirkland's testimony was somewhat confusing as he testified that the $25,000 was to be paid to Evans when the house was sold but added a confusing statement that she would then immediately give him $20,000 from that money.[11] The court finds that the correct amount is $25,000 and holds that the debt in that amount is non-dischargeable.

---

[11] Later in his testimony he stated that the $20,000 she was supposed to pay him after she received $25,000 was to be for her share of the second mortgage which was for $40,000. This agreement that she would give him $20,000 contradicted his earlier assertions that both the first and second mortgages would be paid from the proceeds of the sale of the house. Because this was the only mention of $20,000 and does not directly relate to the amount in the note, the court does not accept Kirkland's attempted explanation of the $20,000 figure.

        **iii.**    **Attorney's fees and interest.**

The note states that interest is due at the rate of 12% after demand, and also provides for an attorney's fee of 20%. The only demand for payment of the note in evidence is the filing of the adversary proceeding. Accordingly, the court awards an attorney's fee of $5,000, plus interest on the note at the rate of 12% from the date of the filing of this adversary proceeding, August 3, 2015, until paid.

### III. Conclusion

For the reasons set forth above, the court finds the consent judgment non-dischargeable under 11 U.S.C. § 523(a)(5), and the promissory note is non-dischargeable under 11 U.S.C. § 523(a)(15) in the amount of $25,000 plus attorney's fees and interest. The remaining causes of action are dismissed. A separate order will be entered in concurrence with this opinion.

    New Orleans, Louisiana, September 23, 2016.

                                              _____
                                              Jerry A. Brown
                                              U.S. Bankruptcy Judge